IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**MICHAEL JACKSON,**

                **Petitioner,**

      **v.**                                                              CASE NO. 20-3055-JWL

**DON HUDSON, Warden, USP-Leavenworth,**

                **Respondent.**

## MEMORANDUM AND ORDER

This matter is a petition for habeas corpus filed under 28 U.S.C. § 2241. Petitioner, a prisoner at the United States Penitentiary, Leavenworth, seeks a remand for resentencing.

### Background

Petitioner was convicted in the United States District Court for the Western District of Missouri of unlawful possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Due to his prior convictions, the indictment also charged that the penalty-enhancement provisions of 18 U.S.C. § 924(e) applied. *United States v. Jackson*, 365 F.3d 649 (8th Cir. 2004). In 2005, his case was remanded to the Eighth Circuit for further consideration in light of *United States v. Booker*, 543 U.S. 220 (2005). *Jackson v. U.S.*, 543 U.S. 1103 (2005). On remand, the Eighth Circuit held that petitioner could not show plain error and reinstated the vacated judgment. *United States v. Jackson*, 163 Fed. Appx. 451, 2006 WL 250481 (8th Cir. Feb. 3, 2006). The petitioner states that he unsuccessfully sought relief under 28 U.S.C. § 2255, and that he has been denied authorization to file a second motion under that section.

Petitioner now challenges the validity of his sentence under a

recent decision by the United States Supreme Court holding that to convict a criminal defendant under 18 U.S.C. § 922(g), the government must prove "both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." *Rehaif v. United States*, 139 S.Ct. 2191, 2200 (2019).

## Discussion

A federal prisoner seeking release from allegedly illegal confinement may file a motion to "vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). A motion under § 2255 must be filed in the district where the petitioner was convicted. *Sines v. Wilner*, 609 F.3d 1070, 1073 (10th Cir. 2010). Generally, the motion remedy under 28 U.S.C. § 2255 provides "the only means to challenge the validity of a federal conviction following the conclusion of direct appeal." *Hale v. Fox*, 829 F.3d 1162, 1165 (10th Cir. 2016), *cert. denied sub nom. Hale v. Julian*, 137 S. Ct. 641 (2017). However, under the "savings clause" in § 2255(e), a federal prisoner may file an application for habeas corpus under 28 U.S.C. § 2241 in the district of confinement if the petitioner demonstrates that the remedy provided by § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).

When a petitioner is denied relief under § 2255, he cannot file a second § 2255 motion unless he can point to either "newly discovered evidence" or "a new rule of constitutional law," as those terms are defined in § 2255(h). *Haskell v. Daniels*, 510 F. App'x 742, 744 (10th Cir. 2013) (unpublished) (citing *Prost v. Anderson*, 636 F.3d 578, 581 (10th Cir. 2011)). Preclusion from bringing a second motion under § 2255(h) does not establish that the remedy in § 2255 is inadequate

or ineffective. Changes in relevant law were anticipated by Congress and are grounds for successive collateral review only under the carefully-circumscribed conditions set forth in § 2255(h).

The Tenth Circuit has rejected the argument that a petitioner's "current inability to assert the claims in a successive § 2255 motion – due to the one-year time bar and the restrictions identified in § 2255(h) – demonstrates that the § 2255 remedial regime is inadequate and ineffective to test the legality of his detention." *Jones v. Goetz*, 712 Fed. Appx. 722, 2017 WL 4534760, at *5 (10th Cir. Oct. 11, 2017)(unpublished)(citations omitted). If § 2255 were deemed "inadequate or ineffective" "any time a petitioner is barred from raising a meritorious second or successive challenge to his conviction – subsection (h) would become a nullity, a 'meaningless gesture.'" *Prost*, 636 F.3d at 586.

Likewise, a petitioner may not invoke the savings clause unless the Supreme Court's newly-identified statutory interpretation is a new rule of constitutional law made retroactively applicable to cases on review. *See Abernathy v. Wandes*, 713 F.3d 538, 547(10th Cir. 2013)(the AEDPA "did not provide a remedy for second or successive § 2255 motions based on intervening judicial interpretations of statutes") *cert. denied*, 572 U.S. 1063 (2014). Those courts that have considered post-conviction challenges advanced under *Rehaif* have uniformly held that it does not announce a new rule of constitutional law that applies retroactively to cases on collateral review. *See, e.g., In re Palacios*, 931 F.3d 1314, 1315 (11th Cir. 2019); *Khamisi-el v. United States*, __ Fed. Appx. ___, 2020 WL 398520 (6th Cir. Jan. 23, 2020)(denying authorization to present an amended motion under 28 U.S.C. § 2255 and holding that the rule stated in *Rehaif* is a matter

of statutory interpretation and not a new rule of constitutional law)(citing *In re Palacios*); *United States v. Shobe*, 2019 WL 3029111, *2 (N.D. Okla. Jul. 11, 2019)(dismissing § 2255 claim for lack of jurisdiction based in part on *Rehaif*).

Having considered the petition, the Court finds petitioner has not shown that he is entitled to proceed under the savings clause and concludes this matter must be dismissed without prejudice for lack of jurisdiction.

IT IS, THEREFORE, BY THE COURT ORDERED the petition is dismissed.

**IT IS SO ORDERED.**

DATED:  This 21st day of February, 2020, at Kansas City, Kansas.

S/ John W. Lungstrum

JOHN W. LUNGSTRUM
U.S. Senior District Judge